Virginia F. Barcus, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C.,* for petitioner.

*Nickolas J. Marcucci,* Counsel, with him *Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, August 1, 1983:

Virginia F. Barcus (Petitioner) appeals here from an order of the State Employees' Retirement Board (Board) denying her request to have certain nonstate service credited to her retirement account. We reverse.

The facts in this case are not in dispute. Petitioner was employed from September 11, 1956 until August 16, 1963 in the California public school system, and had 5.034 years of service credited to her retirement account in the State Teachers Retirement System of California. Petitioner subsequently withdrew her contributions from this retirement system, attended graduate school in Massachusetts, and, after working at a number of jobs in Massachusetts and New Hampshire, commenced working for the Pennsylvania Department of Education. Thereafter, on March 3, 1981, Petitioner petitioned the Board to credit her retirement account in the Pennsylvania Public School Employees' Retirement System (System) with the 5.034 years of nonstate service she performed in California. Such credits for nonstate service are authorized by Section 5304(b) of the State Employees' Retirement Code, 71 Pa. C. S. §5304(b), which provides in pertinent part as follows:

(b) An active member . . . shall be eligible to receive credit for nonstate service provided that he does not have credit for such service in the school system and *is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such services* under a retirement system administered and wholly or partially paid for by any other governmental agency . . . and further provided, that such service is certified by the previous employer and contributions are agreed upon and made in accordance with Section 5505 (re-

lating to contributions for the purchase of credit for creditable nonstate service). (Emphasis added.)

After conducting a hearing, however, the Board denied Petitioner's request on the ground that Petitioner was disqualified from receiving nonstate credit by the portion of Section 5304(b) italicized above, since she could return to California, obtain a job in the California public school system, and repurchase credit for the time she had previously served. The present appeal followed.

The only issue in this appeal is whether the Board erred as a matter of law by concluding that Section 5304(b) prohibits credit for nonstate service to those members of the System who, upon the occurrence of certain contingent circumstances, could qualify for retirement benefits in another state's retirement system.

In its brief to this Court, the Board argues that the phrase "eligible to receive now or in the future" found in Section 5304(b) prohibits the award of credit for nonstate service to those individuals who (1) are currently eligible for benefits in another state's retirement system or (2) *could become eligible* to receive such benefits *at some point in the future*. In the context of the sentence in which this phrase is found, however, it is clear that the phrase merely disqualifies those individuals who *currently are eligible* for benefits in an out-of-state retirement system, whether those benefits are currently being received or will be paid in the future. This interpretation is consistent with the obvious intention of the General Assembly to prevent individuals from receiving credit in two retirement systems for the same service, *see* Section 1921(c)(4) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921(c)(4), and avoids the absurd result of disqualifying all members of the System

from receiving nonstate credit, which would occur if we adopted the Board's interpretation of Section 5304(b). *See* Section 1922(1) of the Act, 1 Pa. C. S. §1922(1). Such an interpretation would also, of course, make Section 5304(b) a nullity. *See* Section 1922(2) of the Act, 1 Pa. C. S. §1922(2).

Therefore, we must reverse.

#### ORDER

Now, August 1, 1983, the order of the State Employees' Retirement Board dated March 24, 1982, is reversed, and the State Employees' Retirement Board is hereby directed to permit Virginia F. Barcus to purchase credit for her nonstate service in accordance with the provisions of 5304(b) of the State Employees' Retirement Code, 71 Pa. C. S. §5304(b).