507 A.2d 911

Joan Cook, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employees' Retirement Board, Respondent.

Argued March 14, 1986, before Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Lynne L. Wilson,* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 10, 1986:

Joan Cook, a member of the Public School Employees' Retirement System (PSERS), appeals a decision of the Public School Employees' Retirement Board, which denied her request to purchase service credit for out-of-state teaching service under the Public School Employees' Retirement Code, 24 Pa. C. S. §8304(a).

Ms. Cook worked as a full-time teacher in the California Public School System at various times between September, 1952 and June, 1970. During that time, she accumulated 8.055 years of credited service in the California State Teachers' Retirement System, which then vested. In August, 1970, Ms. Cook withdrew her contributions from the California system and terminated her membership.

In September, 1977, Ms. Cook became employed as a full-time teacher in the State College Area School District and is presently employed there. In 1977, she became an active member of the PSERS, and had earned seven years of credited school service in the PSERS as of June, 1984. In 1984, she applied to purchase retirement credit for the 8.055 years of teaching service which she accumulated while teaching in the California system. By letter dated February 16, 1984, the Purchase of Service section of the PSERS denied Ms. Cook's request. She then requested an administrative hearing.

Before the hearing examiner, the parties agreed to stipulate the facts. Relying upon *Barcus v. Commonwealth,* 76 Pa. Commonwealth Ct. 62, 463 A.2d 490 (1983), the hearing examiner concluded that Ms. Cook

was statutorily entitled to purchase retirement credit, and recommended to the Public School Employees' Retirement Board that her request be granted. However, the board denied the request. Ms. Cook now appeals to this court.

The Public School Employees' Retirement Code, 24 Pa. C. S. §8304(a) states:

> An active member ... shall be eligible to receive Class T-C service credit for [service in any public school in any state other than this Commonwealth] provided he is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency....

The board contends that despite *Barcus,* the PSERS must continue to construe 24 Pa. C. S. §8304(a) as it has done traditionally, concluding that once a teacher has acquired a vested benefit for teaching service in the retirement system of another state, the teacher may not purchase service credit in the Pennsylvania system, regardless of the disposition of the vested out-of-state pension benefit.

The board also contends that because Ms. Cook could, according to California law, resume employment in a position covered by the California Retirement System, redeposit her withdrawn funds, and thereby restore her 8.055 years of retirement credit in the California system, she is "eligible to receive ... in the future" benefits under that system, and is thus barred from purchase of credit by 24 Pa. C. S. §8304(a).

Because *Barcus* controls the disposition of Ms. Cook's claim, the board's arguments must fail.

In *Barcus,* this court concluded that Ms. Barcus was entitled to purchase, for her retirement account in the

Pennsylvania Public School Employees' Retirement System, credit for 5.034 years of out-of-state service which she accumulated while teaching in California. However, we determined her entitlement under Section 5304(b) of the State Employees' Retirement Code, 71 Pa. C. S. §5304(b). In applying that section,[1] which is almost identical to the provision before us today, the court concluded that the phrase "eligible to receive now or in the future" disqualifies only "those individuals who *currently are eligible* for benefits in an out-of-state retirement system, whether those benefits are currently being received or will be paid in the future." *Barcus*, 76 Pa. Commonwealth Ct. at 64, 463 A.2d at 491 (emphasis in original).

In refusing to apply the *Barcus* interpretation of the phrase "eligible to receive now or in the future" in the present case, the board reasoned that *Barcus* did not directly interpret Section 8304 of the Public School Employees' Retirement Code and that neither the board nor the Public School Employees' Retirement System was a party to that litigation.

The board also explained that, after this court's decision in *Barcus,* the board had tried to promulgate a regulation which would codify the *Barcus* decision to be

---

[1] Section 5304(b) of the State Employees' Retirement Code provides in pertinent part:

> (b) Limitations on eligibility. — An active member or a multiple service member who is a school employee and an active member of the Public School Employees' Retirement System shall be eligible to receive credit for nonstate service provided that he does not have credit for such service in the school system and is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency....

71 Pa. C. S. §5304(b).

applied to the Public School Employees' Retirement System. However, the Independent Regulatory Review Commission and the Pennsylvania Senate, to whom the proposed regulation was submitted, both rejected the regulation. The board hence concluded that it had no authority, legislative or judicial, to apply *Barcus* to Section 8304 of the Code.

We are unpersuaded by the board's reasoning. In its decision, the board acknowledged that the creditable non-state service provision in the State Employees' Retirement Code is substantially similar to the creditable non-school service provisions of the Public School Employees' Retirement Code, and that the board has historically administered its purchase of creditable non-school service provisions in a manner similar to the State Employees' Retirement System's administration of its creditable nonstate service provisions before the *Barcus* decision.

Second, the rejection of the proposed regulation by the Independent Regulatory Review Commission and the Pennsylvania Senate is not controlling. We must act upon regulations which have been promulgated; we cannot draw inferences from those which have not been promulgated.

Accordingly, we conclude that *Barcus* governs the interpretation of Section 8304(a) of the Code. Ms. Cook is entitled to purchase credit for her 8.055 years of out-of-state teaching service.

## ORDER

NOW, April 10, 1986, the decision of the Public School Employees' Retirement Board, S.S. # 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, is reversed and remanded to the board so that the petitioner may purchase credit for her out-of-state service.

Jurisdiction relinquished.