538 A.2d 1385

Sidney Morris, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employees' Retirement System, Respondent.

Argued December 18, 1987, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Glen R. Morris,* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 14, 1988:

Sidney Morris (Petitioner) appeals from an order of the Pennsylvania Public School Employees' Retirement Board (Board) denying his appeal to retain credit in the Public School Employees' Retirement System (System) for his military service because he is eligible to receive a retirement benefit for his military service in the form of a federal civil service pension pursuant to 5 U.S.C. §§8331-8351.

The facts in this case are not in dispute. Petitioner was employed by the federal government in the following positions for the indicated periods of time: Immigration Naturalization Service—October 30, 1940 to September 20, 1942 and February 21, 1946 to September 13, 1946; United States Postal Service—September 16, 1946 to October 21, 1952; Department of Health, Education and Welfare—October 11, 1955 to March 2, 1956; Internal Revenue Service—July 11, 1966 to July 31, 1967. From September 29, 1942 to February 21, 1946, Petitioner served in the United States Army (3.42 years). When Petitioner left his employment with the Postal Service in 1952, he withdrew all his retirement contributions.

Petitioner taught school in Pennsylvania and was a member of the System from September 1968 through September 1971 and from October 1973 until at least the time of the hearing on his appeal, held June 12,

1985.[1] In 1977, Petitioner applied for and was permitted to buy credit in the System for his 3.42 years of military service at the rate of $102.81 for 36 months (total $3701.52) pursuant to section 8304 of the Public School Employees' Retirement Code (Code), *as amended,* 24 Pa. C. S. §8304.[2]

In January 1984, the System notified Petitioner that it was possible that he was not eligible for benefits from the System for his 3.42 years of military service because he was entitled to receive a benefit from the federal government, in the form of a federal civil service pension, for the same service.[3] The System informed Peti-

---

[1] Petitioner has since retired and is receiving retirement benefits from the System based on service time which does not include his military service time (3.42 years). The parties have agreed that any adjustments necessitated by this litigation will be made at its conclusion. Board's brief at 1.

[2] This section provides, in pertinent part:

**Creditable nonschool service**

(a) **Eligibility.**—An active member . . . of the State Employee's Retirement System shall be eligible to receive . . . service credit for creditable nonschool service as set forth in subsection (b) provided that he is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under administered and wholly or partially paid for by any other governmental agency. . . .

(b) **Limitations on nonschool service.**—Creditable nonschool service credit shall be limited to:

(2) Other military service not exceeding five years.

The application, which Petitioner signed, contained the statement: "I certify that I am not now receiving, nor will I be eligible to receive in the future, any retirement benefits for such service under a retirement system administered by any other government agency or private employer." Claimant's exhibit 1.

[3] 5 U.S.C. §8333(a) requires a minimum 5 years of civilian service with the federal government to be eligible for a federal civil service pension. Petitioner had approximately 9 years total service as a civilian employee. 5 U.S.C. §8332(c)(1) provides that "an em-

tioner that his $3701.52 contribution for the service credit, with interest, would be returned to him. On April 23, 1985, the System officially notified Petitioner that he was not entitled to purchase service credit in the System for his military service. Petitioner appealed this determination to the Board.

At the June 12, 1985 hearing, Petitioner testified that although eligible by age and length of service to receive a federal civil service pension, he had not applied for it, and that if he did apply, he would have to repurchase the contributions he withdrew in 1952 in order to receive the pension. N.T. at 11. If Petitioner were to apply for a federal civil service pension, the amount he would receive would be based on length of service which could include his 3.42 years of military service. See 5 U.S.C. §8332(c)(1). The System submitted documentation which showed that Petitioner would receive approximately $145 per month in retirement benefits if he were able to purchase credit in the service for his military service. Petitioner testified that the difference the 3.42 years of military service would make in his federal civil service pension was $23 per month. N.T. at 5.

The hearing officer, in his proposed adjudication, concluded that Petitioner was "not currently entitled to receive, eligible to receive, now or in the future, and is not receiving retirement benefits for his military service under another retirement system." He recommended that Petitioner be allowed to retain his military service credit. The System filed exceptions to the hearing officer's proposed adjudication.

The Board did not accept the hearing officer's recommendation. The Board concluded that Petitioner was "currently eligible to receive a retirement benefit for

---

ployee . . . shall be allowed credit for periods of military service before the date of the separation on which title to annuity is based."

his military service" and, therefore, was "ineligible to purchase credit for said military service under section 8304(a) of the Public School Employees' Retirement Code, 24 Pa. C. S. §8304(a)." Additionally, the Board concluded that the legislature "had a rational basis for declining to provide a duplicate benefit to those currently eligible to receive the same benefit from another retirement system." The Board denied Petitioner's appeal to retain credit in the System for his military service.

On appeal to this court, Petitioner asserts that the Board erred as a matter of law in concluding that he was currently eligible to receive a retirement benefit for his military service from another retirement system. Alternatively, he contends that even if he is currently eligible, "various widely-held constitutional provisions would mandate that either the administration of the statute or the statute itself be held unconstitutional." Petitioner's brief at 4. Our scope of review is limited to determining whether an error of law was made, necessary findings of fact are supported by substantial evidence, or Petitioner's constitutional rights were violated. 2 Pa. C. S. §704.

## I. CURRENTLY ELIGIBLE

Section 8304(a) of the Code, 24 Pa. C. S. §8304(a), provides that service credit in the System for military service not exceeding five years is available if the individual seeking such credit "is not entitled to receive, [or] eligible to receive now or in the future . . . benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency. . . ." Petitioner argues that because he must repay the contributions he withdrew when he left federal government employ in order to receive a federal civil service pension, he is not currently eligible

for that pension. In support of his argument, Petitioner relies on two decisions of this court, *Barcus v. State Employes' Retirement Board,* 76 Pa. Commonwealth Ct. 62, 463 A.2d 490 (1983) and *Cook v. Public School Employees' Retirement Board,* 96 Pa. Commonwealth Ct. 328, 507 A.2d 911 (1986), which interpreted this statutory requirement.

In *Barcus,* this court interpreted identical language appearing in section 5304(b) of the State Employees' Retirement Code, 71 Pa. C. S. §5304(b). The court concluded that this language:

> [M]erely disqualifies those individuals who *currently are eligible* for benefits in an out-of-state retirement system, whether those benefits are currently being received or will be paid in the future. This interpretation is consistent with the obvious intention of the General Assembly to prevent individuals from receiving credit in two retirement systems for the same service. . . .

*Id.* at 64, 463 A.2d at 491 (emphasis in original). This interpretation was held in *Cook* to govern the interpretation of section 8304(a) of the Code, 24 Pa. C. S. §8304(a).

The relevant facts in *Barcus* and *Cook* were identical. In each a school teacher who had previously taught public school in the state of California for a sufficient time to become vested and who had withdrawn her contributions from the California State Teachers' Retirement System sought to purchase credit for that service in the System. These teachers would only be able to qualify for retirement benefits for this time from the California system if they returned to California, obtained a job in California public school system, and repurchased credit for the previously served time. *Barcus,* 76 Pa. Commonwealth Ct. at 64, 463 A.2d at 491. This court stated in *Barcus* that these facts only

showed that the school teachers *could* become eligible in the future if a number of contingent events occurred, and in both *Barcus* and *Cook*, the court concluded that the school teachers were entitled to purchase credit for their out-of-state teaching service in the system.

Petitioner asserts that his situation is similar to the school teachers in *Barcus* and *Cook* because his eligibility for a federal civil service pension is "contingent" upon his repayment of the retirement contributions he withdrew as otherwise he would only have employment credit of approximately 1.5 years with the federal government. While it is true that 5 years of civilian service with the federal government is required in order to establish eligibility for a federal civil service pension, Petitioner is not required to repay his withdrawn contributions to receive service credit for those years.

In *Lloyd v. Office of Personnel Management*, 19 M.S.P.B. 624, 625 (1984), the United States Merit Systems Protection Board determined that 5 U.S.C. §8332:

> [D]oes not provide for disallowance for years of service for which a refund was made of retirement deductions taken. . . . Once eligibility is established based on creditable service and age, the basis for computing the actual amount of an annuity in cases where employees have received a refund of retirement deductions . . . requires a redeposit of refunds of retirement deductions before the service covered by the refund can be included in the computation of annuity benefits, *and does not define creditable service for purposes of determining eligibility for an annuity.*

(Emphasis added.) Applying this interpretation, Petitioner is clearly currently eligible to receive a federal civil service pension. All he need do is apply. What is

contingent upon his repayment of his contributions is the *amount* of his pension, not his eligibility to receive it.

## II. CONSTITUTIONALITY

Petitioner contends that by denying him the right to purchase service credit for his 3.42 years of military service because he is currently eligible to receive a benefit for the same service in the form of a federal civil service pension, he has been discriminated against "because he used to be a federal employee." He asserts that he has been denied "his due process and equal protection rights; since the means utilized to carry out the statute bear no rational relationship to the statute's purpose." Petitioner's brief at 4. These allegations, if true, would constitute violations of the 14th amendment of the United States Constitution. Additionally, Petitioner contends that the statute violates the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, because it is "a frustration of federal legislation, destructive of the beneficial statute [5 U.S.C. §8332] which Congress meant to confer." Petitioner's brief at 4. For the reasons which follow, we are not persuaded by Petitioner's arguments and hold that section 8304(a) of the Code, 24 Pa. C. S. §8304(a) is constitutional.

Initially, we note that the burden of proving a statute is unconstitutional is on the challenger. *Bilbar Construction Co. v. Easttown Township Board of Adjustment*, 393 Pa. 62, 141 A.2d 851 (1958). A statute is presumed constitutional, and the burden of proving otherwise is heavy. *See Milk Control Commission v. Battista*, 413 Pa. 652, 198 A.2d 840 (1964).

### A. Due Process and Equal Protection

The due process challenge made by Petitioner is a substantive due process challenge not a procedural due

process one. "Absent an infringement of a 'fundamental right' or the use of a 'suspect classification,' the rational basis test is the proper standard of review for both substantive due process and equal protection challenges to governmental action." *Chesapeake Bay Village, Inc. v. Costle,* 502 F. Supp. 213, 226 (D. Md. 1980). Petitioner admits that the rational basis test is the proper test to be applied to his due process and equal protection claims. Petitioner's brief at 23-24. The focus of the rational basis test for substantive due process is whether it was irrational for the law to have been passed at all, while the focus for equal protection is whether the law irrationally distinguishes between similarly situated classes. *See Rogin v. Bensalem Township,* 616 F.2d 680 (3rd Cir. 1980); *cert. denied, Mark-Garner Associates, Inc. v. Bensalem Township,* 450 U.S. 1029 (1981). To prove that a statute is irrational and, therefore unconstitutional, the challenger must show, for substantive due process purposes, that there is no relationship between the statute and a legitimate state interest, *see Dieffenbach v. Attorney General of Vermont,* 604 F.2d 187 (2d Cir. 1979), and for equal protection purposes, that the different treatment of the groups is unrelated to a legitimate state interest. *See Hodel v. Indiana,* 452 U.S. 314 (1981). The classes treated differently in this case are Pennsylvania school teachers with less than five years military service (1) who are currently eligible for a federal civil service pension which could include credit for their military service and (2) those who are not currently eligible for a federal civil service pension.

The intention of the Pennsylvania General Assembly in enacting the restriction on eligibility for creditable nonschool service was held by this court in *Barcus* to be "to prevent individuals from receiving credit in two retirement systems for the same service. . . ." *Id.* at 64, 463 A.2d at 491. Because credit for military service in

the System is a benefit which the Commonwealth need not offer, it is certainly a legitimate state interest to limit that benefit to individuals who could not otherwise receive a benefit for their military service. Therefore, it was not irrational for the General Assembly to have enacted the restriction and the restriction is not violative of any substantive due process right Petitioner might have.[4]

Petitioner contends that he is treated differently than Pennsylvania school teachers with less than 5 years military service who are not eligible for a federal civil service pension because they will receive more benefit than he does for their military service. He argues that a better means of preventing a double benefit for the same service would be to allow any benefits which would be received from another pension to be offset against those benefits for military service which could be received from the System. However, the equal protection clause is not violated merely because the classification is imperfect. The United States Supreme Court stated, in *Dandridge v. Williams,* 397 U.S. 471, 485, rehearing denied, 398 U.S. 914 (1970):

> If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. National Carbonic Gas Co., 270 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 [(1911)]. The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific. Metropolis Theatre

---

[4] Because of our determination that the statutory restriction is rational we decline to consider the issue of whether Petitioner even has a substantive due process right which is affected by the restriction.

Co. v. City of Chicago, 228 U.S. 61, 69-70, 33 S.Ct. 441, 443, 57 L.Ed. 730 [(1913)]. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 62 L.Ed. 2d 393 [(1961)].

That there may be another means by which the General Assembly could have implemented the legitimate state purpose of preventing the receipt of double benefits for the same military service does not make the restriction chosen by the General Assembly unconstitutional. *See McCoy v. State Board of Medical Education and Licensure,* 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978). We conclude that the fact that Petitioner, and others like him, *may* receive less in financial benefits for their military service than those who are not eligible for a federal civil service pension is not violative of the equal protection clause because it is related to the Commonwealth's legitimate interest in preventing double benefits for the same service.

## B. Supremacy Clause

Petitioner also contends that section 8304(a) is in violation of the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, because it frustrates the purpose for which 5 U.S.C. §8332(c)(1) was enacted. Petitioner makes a rather bizarre and convoluted argument in support of this contention.

Petitioner appears to assert that implicit in the enactment of 5 U.S.C. §8332(c)(1) is an intent by Congress to preempt the area of retirement benefits for military service. He then argues that Pennsylvania's restriction of credit for military service to those who are not eligible for benefits for such service under any other retirement plan turns the federal benefit into a detriment and

creates an obstacle to the accomplishment of the purpose of the federal statute.

This argument is nonsensical. *If* Congress intended to preempt the area of retirement benefits for military service, Pennsylvania would not even be able to offer a benefit for military service. *See Louisiana Public Service Commission v. F.C.C.,* 106 S.Ct. 1890 (1986). We also note that, unlike 10 U.S.C. §1336 which explicitly provides that an individual may not be denied credit for military service if otherwise entitled to it when he is eligible for retirement pay for non-regular service in the military, there is no provision in 5 U.S.C. §§8331-8351 which allows double payments for the same military service. We conclude that the restriction in section 8304(a) which prevents the purchase of credit for military service of less than 5 years if currently eligible to receive a credit for that same service in the form of a federal civil service pension is not violative of the Supremacy Clause.

Accordingly, we affirm.

ORDER

AND NOW, March 14, 1988, the decision of the Pennsylvania Public School Employees' Retirement Board in the above-captioned case is affirmed.

DISSENTING OPINION BY SENIOR JUDGE KALISH:
I respectfully dissent.

Citing section 8304(a) of the Public School Employees' Retirement Code (Code), *as amended,* 24 Pa. C. S. §8304(a), the Board concluded that petitioner had acquired a vested interest by simply restoring his contributions, and that therefore he would be able to purchase his service credit under that system. Consequently, he is ineligible to purchase military service in the Pennsylvania system.

As the court indicated in *Barcus*, in interpreting section 8304(a) of the Code, 24 Pa. C. S. §8304(a), this section was designed to disqualify those persons who *currently are eligible* for benefits in an out-of-state retirement system, whether those benefits are currently being received or will be paid in the future.

It has been determined by the United States Merit Systems Protection Board that repayment of a refund by an employee does not affect "time credibility" in determining civil service annuity, *provided claimant was otherwise qualified*. *Lloyd v. Office of Personnel Management*, 19 M.S.P.B. 624 (1984).

In the instant case, petitioner *was not otherwise* qualified. Unlike the *Lloyd* case, petitioner withdrew all of his contributions and accepted a state position. This conduct resulted in a complete separation from the federal service. He had no vested right. He was ineligible to receive any benefits under the federal system either now or in the future, unless he performed certain conditions precedent. There was no current eligibility. The language of the statute is clear and unambiguous.