IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanine Esch,                                      :
                        Petitioner                 :
                                                   :
            v.                                     :     No. 1319 C.D. 2023
                                                   :
Pennsylvania Public School                         :     Argued:  October 8, 2024
Employees' Retirement Board,                       :
                        Respondent                 :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE McCULLOUGH                                FILED: November 22, 2024


            Jeanine Esch (Claimant) petitions for review of the October 25, 2023 order
of the Pennsylvania Public School Employees' Retirement Board (Board) denying her
request to purchase credit with the Public School Employees' Retirement System
(PSERS) for her out-of-state teaching service in Arizona pursuant to Section 8304(a)
of the Public School Employees' Retirement Code (Code),[1] *as amended*, 24 Pa. C.S.
§ 8304(a).  After careful review, we affirm.

## I.      Facts and Procedural History

            The relevant facts and procedural history of this case are as follows.  In
August of 1986, Claimant moved from Pennsylvania to Arizona and began working as
a teacher for the Arizona State School for the Deaf and the Blind (Employer).  Claimant
worked for Employer until 2001 and accumulated 12 years and 5 months of service

---

[1] 24 Pa. C.S. §§ 8101—8547.

with the Arizona State Retirement System (ASRS). During that time, Claimant paid into ASRS with contributions deducted from her paycheck and Employer made contributions to ASRS on her behalf. Claimant moved back to Pennsylvania in 2001 and began working for the Allegheny County Intermediate Unit as an itinerant teacher of the deaf at Pine-Richland School District. She enrolled in PSERS in August of 2001 and remains an active, vested member.

In 2007, Claimant rolled over the entirety of her ASRS retirement account into a 403(b) retirement savings account with PNC Bank and she thereafter sought to purchase service credit from PSERS for the time she spent teaching in Arizona. PSERS rejected Claimant's request by letter dated September 11, 2018, stating in relevant part:

> Under the [Code] you must withdraw your contributions and interest from the out-of-state retirement system without receiving any benefit based on the service you have withdrawn. According to the information provided by the [ASRS] you received a portion of employer contributions as part of your withdrawal, which is considered a benefit and renders you ineligible to purchase service at PSERS.

(Reproduced Record (R.R.) at 10a.)

Claimant appealed the decision to the PSERS Executive Staff Review Committee (Committee), which denied Claimant's appeal by letter dated September 3, 2020, explaining:

> The Committee denied your request. You were vested in the [ASRS], and you were eligible to receive a retirement benefit that was partially funded by your employer. When you withdrew funds from ASRS, this represented the lifetime benefit that you were entitled to receive for your public school service rendered in Arizona. You are, therefore, considered a retiree under the Arizona system and thus ineligible to purchase credit for that service with PSERS. A

2

more detailed analysis of the law is included with this letter as Attachment "A" for your use or that of your legal counsel.

(R.R. at 47a.) In turn, Exhibit "A" provides in pertinent part:

> [The Code] provides that active members of PSERS may purchase retirement credit for certain types of creditable nonschool service provided the member "is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service" under a retirement system administered and wholly or partially paid for by any other governmental agency or a retirement program approved by the employer. 24 Pa. C.S. § 8304(a).

(R.R. at 49a.)

Claimant appealed, and the Hearing Examiner held a hearing on June 8, 2022. After consideration of the parties' post-hearing briefs, the Hearing Examiner issued an Opinion and Recommendation on January 24, 2023, recommending that the Board deny Claimant's appeal. In doing so, he explained:

> Pursuant to the Code, one of the prerequisites to purchasing out-of-state service credit is that the member seeking to purchase "**[i]s not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency or by any private employer, or a retirement program**. . . ." 24 Pa. C.S. § 8304.

> **As a general matter, an employer's contributions to an individual employee's retirement account constitutes a benefit received by that employee**. 24 Pa. C.S. § 8304(a). In plain English, the pot of money in that individual's retirement account has now increased because the employer has contributed to it. The employee now has something of value she otherwise would not, *i.e.*, additional funds in the retirement account, and those additional funds are provided by the employer.

3

Notwithstanding the attendant constitutional issues raised by Claimant, the present appeal hinges upon whether Claimant's withdrawal of money from her ASRS account - a pot of money that included both employee and **employer** contributions - and transferring it into a 403(b) plan with PNC constitutes her receiving a "benefit" that was funded by an out-of-state government entity, thereby precluding her from purchasing the 12 years of Arizona service credit.

PSERS here correctly takes the position that Claimant indeed received a government-funded retirement benefit relating to her out-of-state service. At the moment Claimant rolled the entirety of the ASRS retirement account into a private PNC account, a government employer benefit *i.e.*, the employer's contributions, immediately accrued to her benefit. Even if another state's retirement system or law required a member to withdraw employer contributions, that member is still receiving a "benefit" inasmuch as they have those funds available to them for current and future use. 24 Pa. C.S. § 8304(a). Notwithstanding any Arizona law or policy requiring persons similarly situated to Claimant to withdraw employers' contributions, the Board is bound to adhere to **its** controlling Pennsylvania statutes - even if Claimant believes it will lead to an unfair result to her . . . . The instant the Arizona **employer** contributions left the ASRS account, regardless of the funds' final destination, Claimant received an employer "benefit" and therefore is disqualified pursuant to 24 Pa. C.S. § 8304 from purchasing the corresponding service time.
. . . .

Claimant also argues that because she rolled over her ASRS account in 2007, she is not "**eligible to receive now or in the future, or is receiving retirement benefits for such service**" as contemplated in 24 Pa. C.S. § 8304. In other words, Claimant is making a temporal argument regarding the word "now" in 24 Pa. C.S. § 8304. She appears to suggest that because she withdrew her employer contributions in 2007, she is not "now," as of the time of her

4

application to purchase out-of-state state service credit, eligible to receive an employer benefit. Translated another way: "Because I emptied the entirety of my ASRS retirement account in 2007 and placed it in a non-ASRS account **before** I applied with PSERS to purchase out-of-state credit, (i) I am not "now" entitled to an employer benefit and/or (ii) I am not entitled to an employer benefit in the future and/or (iii) I am not currently receiving employer benefits."

Such an interpretation of the Code is not only illogical but, if adopted, would create a moral hazard to sidestep the statutory guardrails in place by incentivizing those seeking credit to drain their out-of-state retirement accounts of employer contributions **before** submitting an application to PSERS to purchase out-of-state credit. . . . Such an interpretation would surely open the door to individuals double-dipping and receiving out-of-state credit in ways the General Assembly did not intend.

(R.R. at 480a-83a) (emphasis original; footnotes omitted).[2]

On October 25, 2023, the Board entered an Opinion and Order adopting the Hearing Examiner's Opinion and Recommendation as its own and denying Claimant's appeal. The Board added: "[T]he Hearing Examiner correctly concludes that Section 8304(a) prohibits a member from receiving a benefit from both an out-of-state retirement system and PSERS for the **same** service—a privilege that is not available to members with only Pennsylvania public school service." (R.R. at 469a) (emphasis original). This appeal followed.

---

[2] The Hearing Examiner did not address the constitutional issue raised by Claimant because neither he nor the Board has the authority to rule on the claim. The Hearing Officer noted that the issue was preserved for appellate review. (R.R. at 484a.)

## II.    Issues[3]

On appeal, Claimant contends that the Board ignored the plain language of Section 8304(a) and she emphasizes that it is written only in the *present* and *future* tense, rather than in the past tense. According to Claimant, this provision does not apply to her prior receipt of the ASRS Employer contribution. Relying on this Court's decisions in *Barcus v. State Employes' Retirement Board*, 463 A.2d 490 (Pa. Cmwlth. 1983), and *Cook v. Public School Employees' Retirement Board*, 507 A.2d 911 (Pa. Cmwlth. 1986), Claimant maintains that she is entitled to purchase credit for her Arizona service with the PSERS system. (Claimant's Br., at 24-42.) Alternatively, Claimant challenges the constitutionality of Section 8304 by arguing that its terms violate the dormant Commerce Clause of the United States Constitution. *Id.* at 43-50.

## III. Discussion

### A. Claimant's Eligibility to Purchase Credit for Out-of-State Service

We begin by observing that the Board is charged with executing and applying the Code, and its interpretation of its provisions should not be overturned unless such construction is clearly erroneous. *Mento v. Public School Employees' Retirement System*, 72 A.3d 809, 813 (Pa. Cmwlth. 2013). "An employee has only those rights created by the [] Code, and none beyond it." *Id.* Additionally, "PSERS is bound to follow the intent of the General Assembly in administering the provisions of the [] Code." *Id.*

---

[3] Our standard of review of the Board's decision is limited to determining whether an error of law was made, necessary findings of fact are supported by substantial evidence, or Claimant's constitutional rights were violated. *Morris v. Public School Employes' Retirement System*, 538 A.2d 1385, 1389 (Pa. Cmwlth. 1988). To the extent that our review involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Ghaderi v. State Board of Osteopathic Medicine*, 302 A.3d 240, 244 (Pa. Cmwlth. 2023). When interpreting a statute, our goal is to ascertain and effectuate the General Assembly's intent, and the plain language of a statute is, as a general rule, the best indicator of that intent. *Id.*

Section 8304(a) of the Code governs a PSERS member's request to purchase credit for prior teaching service in another state. This provision, titled "Creditable nonschool service,"[4] states in relevant part:

> **(a) Eligibility**.--An active member or a multiple service member who is an active member of the State Employees' Retirement System shall be eligible to receive . . . service credit for creditable nonschool service . . . **provided that he is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency** or by any private employer, or a retirement program approved by the employer in accordance with section 8301(a)(1) (relating to mandatory and optional membership), and further provided that such service is certified by the previous employer and the manner of payment of the amount due is agreed upon by the member, the employer, and the board.

24 Pa. C.S. § 8304(a) (emphasis added).[5]

In assessing Claimant's eligibility to purchase credit with PSERS, this Court's decision in *Morris* is instructive. The claimant in *Morris* was a public school teacher and PSERS member who sought to purchase prior military service from the

---

[4] "Creditable nonschool service" is defined in the Code as: "Service other than service as a school employee for which an active member may obtain credit in the system." 24 Pa. C.S. § 8102.

[5] We note that the terms "retirement benefit" or "benefit" are not specifically defined in the Code. *See* 24 Pa. C.S. § 8102. Other provisions of the Code reference the term "benefit" broadly, to include annuities, lump sum payments, or "**some other benefit** which shall be certified by the actuary to be actuarially equivalent to the maximum single life annuity[.]" 24 Pa. C.S. § 8345 (emphasis added); *see also* 24 Pa. C.S. §§ 8407 (referring to lump sum payments), 8407 (refencing annuity "or other form of payment").

Our caselaw likewise interprets the term broadly, in that the *Morris* Court found that a federal civil service pension is a retirement benefit. *Morris,* 538 A.2d at 1389; *see also Commonwealth v. Workers' Compensation Appeal Board (Harvey)*, 993 A.2d 270, 281 (Pa. 2010) (discussing employer-funded pension benefits in the context of workers' compensation awards).

PSERS system. *Morris*, 538 A.2d at 1386. The Board found that the claimant was ineligible to purchase credit for this service under Section 8304(a) of the Code because he was then currently eligible to receive a retirement benefit from the federal government for his prior military service, even though he had not applied for the federal benefit. In affirming the Board's decision that the claimant was disqualified from purchasing PSERS credit, this Court stated that the obvious intent of the General Assembly in enacting the restriction on eligibility for creditable nonschool service was "to **prevent individuals from receiving credit in two retirement systems for the same service**." *Id.* at 1389.

Here, after working for approximately 12 years in the Arizona public school system, Claimant withdrew the entirety of her contributions and interest from ASRS, both those paid by herself and by her Employer, and rolled those funds into a 403(b) retirement account. Therefore, Claimant has **already received** the full value of her retirement benefit for her 12 years of out-of-state service, and she continues to receive the benefit of those funds to spend or invest as she deems appropriate. Under the plain language of Section 8304(a), as interpreted by this Court in *Morris*, Claimant cannot purchase credit for the **same service** that she rendered in Arizona with PSERS. To hold otherwise would allow Claimant to circumvent the Code's restriction on receiving a duplicate benefit for the same period of service.

Claimant's narrow focus on the tense of Section 8304's statutory language ignores the fact that she currently maintains custody over her withdrawn funds in a 403(b) retirement account and receives a benefit through custody and use of the funds. It also disregards the "obvious intent" of the legislature to prevent individuals from receiving credit in two retirement systems for the same service.

8

Claimant's reliance on *Barcus* and *Cook* to support her position that she is entitled to purchase PSERS credit is misplaced. The *Barcus* and *Cook* Courts interpreted this statutory requirement[6] in cases involving Pennsylvania public school teachers who had previously taught in California public schools. These teachers had each withdrawn their **own contributions**, and not any employer contributed funds, from the California State Teachers' Retirement System and sought to purchase credit for their out-of-state service with PSERS. The Board determined the teachers were disqualified from purchasing credit, reasoning that they would be able to qualify for retirement benefits for their time in the California public school system if they returned to California, secured employment in a California public school, and repurchased credit for the previously served time. This Court reversed because the facts showed that the teachers **could only become eligible in the future** to receive the California retirement benefit if a number of **speculative, contingent** events occurred. Under these circumstances, we concluded the teachers were entitled to purchase credit for their out-of-state teaching service with PSERS. *Barcus*, 463 A.2d at 49; *Cook*, 507 A.2d at 913.

The facts of the instant case are readily distinguishable, in that Claimant has **already received** the benefit of her Arizona Employer's government-funded contributions. Unlike the claimants in *Barcus* and *Cook*, Claimant need not take any further action to receive her full Arizona retirement benefit, let alone move back to Arizona to resume her teaching career. In sharp contrast, the claimants in *Barcus* and *Cook* had received no retirement benefits at all from their California employers, whereas here, Claimant has received the funds and continues to receive the benefits of her investment. Claimant's argument to the contrary merits no relief.

_____

[6] The *Cook* Court interpreted Section 8304(a) of the Code and applied the holding in *Barcus*, where this Court interpreted nearly identical language contained in Section 5304(b) of the State Employees' Retirement Code, 71 Pa. C.S. § 5304(b).

9

## B. Constitutionality of Section 8304

Claimant next contends that Section 8304 of the Code violates the dormant Commerce Clause of the United State Constitution because it discriminates against PSERS members who previously taught in the Arizona school system by failing to provide them with any method of purchasing out-of-state credit with PSERS. According to Claimant, Section 8304 promotes protectionism, fails to regulate evenhandedly, and imposes an unconstitutional burden on interstate commerce. (Claimant's Br., at 28, 43-50.)

Initially, we observe the burden of proving a statutory provision is unconstitutional rests on its challenger, as "a statute is presumed constitutional, and the burden of proving otherwise is heavy." *Morris*, 538 A.2d at 1389. The Commerce Clause to the United States Constitution provides: "The Congress shall have Power . . . To regulate Commerce . . . among the several States[.]" U.S. Const. art. I, § 8, cl. 3. "While the Commerce Clause is an express grant of power to Congress, the United States Supreme Court has consistently held that the language also contains a negative command, known as the dormant Commerce Clause, which prohibits certain state [action] even when Congress has failed to legislate on the subject." *Zilka v. Tax Revenue Board City of Philadelphia*, 304 A.3d 1153, 1155 (Pa. 2023). Under the dormant Commerce Clause, a state may not place itself in a position of economic isolation or erect barriers against interstate trade by "discriminating against **articles of commerce** coming from outside the State unless there is some reason, apart from their origin, to treat them differently." *Lewis v. BT Investment Managers, Inc.*, 447 U.S. 27, 36 (1980) (emphasis added).

Here, Claimant's dormant Commerce Clause argument is tenuous, at best, as she is not an article of commerce subject to regulation by the United States Congress.

10

Instead, she is a Pennsylvania public school teacher, is a member of PSERS and is subject to the same rules as every other PSERS member. Additionally, Claimant has established no rational connection between her inability to purchase PSERS credit and any burden on interstate commerce.

Insofar as Claimant maintains Section 8304(a) discriminates against former Arizona teachers who move to Pennsylvania, we disagree. Instead, we agree with the Board's assessment that Claimant's interpretation of the Code would permit those who taught out-of-state to receive "a benefit from both an out-of-state retirement system and PSERS for the **same** service—**a privilege that is not available to members with only Pennsylvania public school service**." (R.R. at 469a) (emphasis added). Under these circumstances, we find that Claimant failed to meet her heavy burden of proving that Section 8304 is unconstitutional. *Morris*, 538 A.2d at 1389.[7]

_____
PATRICIA A. McCULLOUGH, Judge

Senior Judge Leadbetter dissents.

_____

[7] We note that this Court has already considered and found meritless arguments that Section 8304(a) is unconstitutional as violative of the due process, equal protection, and supremacy clauses of the United States Constitution. *Morris*, 538 A.2d at 1389-91.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanine Esch,                                  :
             Petitioner                        :
                                               :
       v.                                      :   No. 1319 C.D. 2023
                                               :
Pennsylvania Public School                     :
Employees' Retirement Board,                   :
             Respondent                        :


# ***ORDER***

AND NOW, this 22nd day of November, 2024, the Public School Employees' Retirement Board's October 25, 2023 order is hereby affirmed.


_____
PATRICIA A. McCULLOUGH, Judge