600 A.2d 698

**Ralph H. KAPILIAN, Petitioner,**

v.

**STATE EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Dec. 5, 1991.

Petition for Allowance of Appeal Denied June 15, 1992.

Elliot A. Strokoff, for petitioner.

Richard D. Michlovitz, Asst. Counsel, for respondent.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

CRAIG, President Judge.

Ralph H. Kapilian appeals an order of the State Employes' Retirement Board denying Kapilian's request to purchase nonstate service credit for employment at the University of Illinois (UI) from September, 1960 through June, 1961, and from September, 1964 through September, 1969.

The undisputed facts, as found by the board, are that Kapilian became a member of the State Employes' Retirement System when he began employment as a professor with West Chester State College on August 22, 1970. That appointment continued until August 16, 1986, when the board approved disability retirement for Kapilian.

Before retiring, Kapilian requested nonstate credit for his former graduate teaching assistant position at UI from September, 1960 through June, 1961 and from September, 1964 through September, 1969. As a graduate assistant, Kapilian taught two or three courses to undergraduate

students each semester, in which he was responsible for preparing daily lesson plans and for evaluating students in those classes. The record indicates that Kapilian received between $2400 and $3100 annually, plus a full waiver of tuition and fees.

Additionally, while Kapilian attended UI as a graduate student, he served as a residence hall counselor. This position required that he supervise male students in the dormitory where he resided. Kapilian received $60 per month for this position, as well as eligibility for the waivers which Kapilian was already receiving as part of his graduate assistantship compensation.

Significantly, the board found:

12. Claimant's Graduate Assistant services were equivalent to 50% of a full work load and his service as a Resident Counselor constituted 25% of a full work load.

13. In order to serve as a Graduate Assistant an individual had to have been enrolled in the graduate program at U.I. or otherwise be appointed as an Instructor.

. . . .

15. While a Graduate Assistant, Resident Counselor, and Instructor, Claimant could not: (1) earn sabbatical leave credit; (2) earn tenure credit; or (3) enroll in a retirement plan. Claimant did have full health coverage.

Based upon these findings, the board stated that Kapilian was ineligible to purchase nonstate service credit for his employment at UI because "[h]e was a student and the services he provided were incidental to his status as a student." Therefore, the board concluded that Kapilian was not an "employee," as required by § 5304(c)(3) of the State Employees' Retirement Code, 71 Pa.C.S. § 5304(c)(3).

Kapilian now appeals that decision, contending that the Code imposes no limitations on the type of service or as to the full-time versus part-time status of employment necessary to qualify for eligibility to purchase nonstate service credit.

Section 5304(c)(3), in effect at the time that Kapilian filed his suit, provided, in relevant part, that creditable nonstate service credit shall be limited to "service in any public school or public educational institution in any state other than this Commonwealth or in any territory or area under the jurisdiction of the United States...."

Section 5304(c)(3) of the Code has since been amended by Act 23 of 1991, Printer's No. 1502. It *now* limits creditable nonstate service credit, in relevant part, to "(i) *nonudent service as an academic administrator, teacher or instructor in any public school or public educational institution in any state other than this Commonwealth." (Emphasis added.) Thus, the legislature inserted an express exclusion of student status work only in the subsequent amendment, not applicable here.*

■ We cannot retroactively read the student status exclusion into the law as it existed before the amendment, because 1 Pa.C.S. § 1926 calls for a presumption against retroactive effect, and the board does not urge that we do so.

■ Although the board asserts that Kapilian was not an "employee" because his employment was contingent upon his status as a student, the pre-amendment statute makes no distinction with regard to student status. The fact that Kapilian provided service in a public education institution in another state[1] is all that is necessary for eligibility to purchase nonstate service credit.

■ However, we also note that there is no rationale or specific statutory basis for concluding that creditable nonstate service is broader in scope than creditable instate service. Therefore, we must determine whether any limitations on credit would be imposed upon an employee in Kapilian's employment situation if his services had been provided in Pennsylvania.

1. There is no dispute as to the University of Illinois' status as a public education institution.

Section 5302(a) of the Code, 71 Pa.C.S. § 5302(a), provides for the computation of credited service. In pertinent part, that section states:

> If the member was employed and contributions were made for less than 220 days or 1,650 hours, he shall be credited with a fractional portion of a year determined by the ratio of the number of days or hours of service actually rendered to 220 days or 1,650 hours, as the case may be. A part-time salaried employee shall be credited with the fractional portion of the year which corresponds to the number of hours or days of service actually rendered in relation to 1,650 hours or 220 days, as the case may be.

Because Kapilian's aggregate workload at UI amounted to 75% of a full load (Finding of Fact No. 12), he would only have been credited with a fractional portion of each year if his services had been provided in Pennsylvania.[2]

Section 5304(c)(3) gives Kapilian the right to purchase nonstate service credit for his employment at UI. However, we cannot interpret that section so broadly that nonstate service would entitle an employee to more benefits or privileges than instate service. Therefore, because a Pennsylvania employee with Kapilian's circumstances would be eligible for only a proportional amount of credited service, Kapilian is entitled to purchase only a like proportional amount.

Accordingly, we reverse the decision of the board and remand the case to the board for computation of the precise proportional amount of nonstate service credit which Kapilian is eligible to purchase.

2. Noted, as a matter of interest but not dispositive, is the point that Kapilian did not qualify as an employee in Illinois for the purpose of pension eligibility. The Illinois Pension Code provides that a person is not an employee if he "is a student enrolled in and regularly attending classes in a college or university which is an employer, and is employed on a temporary basis at less than full time." Ill.Rev.Stat. 1987, ch. 108-½, par. 15–107(a)(1). Therefore, Kapilian could not have received credited service in Illinois for the time he served as a graduate assistant and as a residence hall counselor.

## ORDER

NOW, December 5, 1991, the order of the State Employes' Retirement Board, file No. 011–28–2749, dated August 8, 1990, is reversed, and the case is remanded to the board for the purpose of computing the amount of nonstate service credit that the petitioner is eligible to purchase.

Jurisdiction relinquished.