652 A.2d 827

**McKEESPORT HOSPITAL, Appellee,**

v.

**The PENNSYLVANIA STATE BOARD OF MEDICINE, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided Jan. 20, 1995.

386

Pamela J. Raison, April L. McClaine, for State Bd. of Medicine.

Ann Baily, Robert V. Campedel, for McKeesport Hosp.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from an order of the Commonwealth Court which vacated a decision of the Pennsylvania State Board of Medicine (board) in a matter involving accreditation of the surgical residency training program at McKeesport Hospital. The pertinent facts are as follows.

■ In order to have residency programs approved, Pennsylvania hospitals must satisfy requirements established by the board and the requirements of any accrediting body which may be recognized by the board. Section 23(a) of the Medical Practice Act of 1985, 63 P.S. § 422.23(a). The board has recognized the Accreditation Council for Graduate Medical Education (ACGME), a nationally recognized accrediting organization, as the accrediting body for graduate medical training in Pennsylvania.

In 1991, ACGME withdrew its accreditation of McKeesport Hospital's surgical residency program, effective June 30, 1992. The decision to withdraw accreditation was based on deficiencies in the program's record keeping, continuity of care, scholarly activities, and opportunities for residents to gain experience in performing surgery. The June 30, 1992 effective date was subsequently extended to June 30, 1993, as the hospital exhausted all appeals with ACGME. Thereafter, the hospital sought from the board a review of ACGME's withdrawal of accreditation. The board denied review, concluding that it had no jurisdiction to review the internal accreditation process of ACGME.

The Commonwealth Court vacated the board's order and directed that accreditation of McKeesport Hospital's surgical residency program remain in effect pending a hearing and adjudication by the board. 156 Pa.Cmwlth. 480, 628 A.2d 476. The court relied on section 23(b) of the Medical Practice Act, 63 P.S. § 422.23(b), which provides in relevant part that:

[I]t shall be the duty of the board, in its discretion, periodically to ascertain the character of the instruction and the facilities possessed by each of the ... medical training

> facilities offering or desiring to offer medical training in accordance with the requirements of this act.... In enforcing this provision, the board shall give due notice to any ... hospital upon which it has rendered a decision that its training and facilities do not meet the standards required by the board.

Based on this provision, the court held that final authority with respect to accreditation rests with the board and that sole discretion to set the standards by which residency programs are evaluated cannot be accorded to an accrediting body.

The board contends that the decision below ignores section 23(a) of the Medical Practice Act, 63 P.S. § 422.23(a), which provides that "the curricula and training to be offered by such ... medical training facility shall meet the requirements set by the board and any accrediting body which may be recognized by the board." The board argues that the discretion accorded it by section 23(a) was exercised in selecting ACGME as the accrediting body whose standards medical training facilities would be required to meet, and that further review is inappropriate. We agree.

■ The meaning of the requirement in section 23(a) that medical training meet "requirements set by the board *and* any accrediting body which may be recognized by the board" (emphasis added) is plain. First, the training must meet whatever requirements the board decides to impose. Second, the training must meet the requirements of any accrediting body that the board, in its discretion, chooses to recognize.

■ The board clearly has authority, under section 23(a), to select and employ an appropriate accrediting body. This, however, is the extent of the power conferred by that section. The mere fact that the board can utilize the services of an accrediting body does not provide it with authority to review the merits of individual decisions rendered by the body.

■ The board, having been created by statute, has only such powers as the legislature has expressly or by necessary implication provided. *Department of Environmental Re-*

*sources v. Butler County Mushroom Farm,* 499 Pa. 509, 513, 454 A.2d 1, 4 (1982). Section 23 contains no language indicating that the board has as one of its powers or duties the review of actions taken by accrediting bodies. Accrediting bodies are separate and independent from the board. Their actions are not within the board's ambit. Review of their actions occurs through their own internal appeals procedures, such as the procedures that were in the present case utilized and exhausted by McKeesport Hospital.

The benefits of using private accrediting organizations are well recognized, and we have held that the determination of factual matters by them is permissible. *Appeal of Murphy,* 482 Pa. 43, 393 A.2d 369 (1978), cert. denied, 440 U.S. 901, 99 S.Ct. 1204, 59 L.Ed.2d 449 (1979) (pertaining to accreditation of law schools by the American Bar Association). Here, the legislature expressly provided that the board could use private accrediting bodies to determine the qualifications of medical training facilities. Had it intended that those determinations would be subject to the board's review, it surely would have so provided. The obvious intent of the legislature was to make the task of the board a manageable one by relieving it of the need to delve, on its own and without expert assistance, into the merits of each institution's medical training programs. The use of accrediting bodies was authorized in recognition of the fact that such bodies are better equipped to study the quality of medical training programs. To conclude that the board, in every case where a hospital residency program has been adversely affected by a decision of ACGME, must reexamine the standards, procedures, and findings of ACGME would largely negate the very reason for utilizing such a body. This could not have been the intent of the legislature.*

* Further, it is undisputed that ACGME is a private body and not a governmental agency. Hence, the Administrative Agency Law, 2 Pa. C.S. § 702, which provides for an appeal where one is aggrieved "by an adjudication of a Commonwealth agency" is not applicable. Similarly, Section 9(a) of the Medical Practice Act, which provides for an appeal from an action taken by the board, 63 P.S. § 422.9(a), is not applicable

■ In short, the board correctly determined that it was powerless to grant a hearing to review ACGME's revocation of McKeesport Hospital's accreditation. The order of the Commonwealth Court, which held to the contrary, must be reversed.

Order reversed.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

MONTEMURO, J., is sitting by designation.

because the action challenged here was taken by ACGME rather than by the board.