**Mary A. SIMMONDS, Petitioner,**

v.

**STATE EMPLOYEES' RETIREMENT SYSTEM.**

Commonwealth Court of Pennsylvania.

Argued June 7, 1995.

Decided Aug. 8, 1995.

Richard W. Stewart, for petitioner.

David W. Speck, for respondent.

Janine C. Gismondi, for intervenor, Pennsylvania State University.

Before DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Mary A. Simmonds, M.D. (Claimant) appeals from an order of the Commonwealth of Pennsylvania, State Employes' Retirement Board (Board) which denied her request to purchase creditable state service for her position as a medical resident at the Milton S. Hershey Medical Center of the Pennsylvania State University (Medical Center). We reverse and remand.

Claimant, a licensed physician, was classified as a Resident Physician VI in oncology during her residency at the Medical Center from July 1, 1980, through June 30, 1981. A Resident Physician VI at the Medical Center is a participant in a graduate medical program. When she enrolled in the graduate medical program, Claimant's purpose was to gain experience in oncology and qualify for certification by the American Board of Internal Medicine in the field of medical oncology. While Claimant was enrolled in the residency program the Medical Center did not offer her the opportunity to become a member of the Pennsylvania State Employees' Retirement System (Retirement System). Upon completion of her residency in 1981, Claimant became an assistant professor of medicine at the Medical Center and joined the Retirement System. In May of 1990, Claimant requested that her residency be counted as a year of service for purposes of the Retirement System.

Claimant's request was denied and she appealed to the Board. The Board permitted the Pennsylvania State University to intervene and following an administrative hearing on April 29, 1992, the hearing examiner issued an opinion and recommended denial of Claimant's request. On March 23, 1994, the Board issued an opinion and order denying Claimant's request concluding that she was not a state employee while a medical resident. Claimant appeals.

On appeal, Claimant requests us to determine whether the Board erred when it concluded that she was not a state employee during her residency. We note that our scope of review is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, and whether the Board's findings are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Initially, Section 5102 of the State Employees' Retirement Code (Code), 71 Pa.C.S. § 5102, provides that an active member may purchase credit for previous "state service." Further, "State service" is defined as "service rendered as a state employee." Section 5102 defines a "State employee" as:

Any person holding a State office or position under the Commonwealth, employed by the State government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis, and shall include members of the General Assembly, and any officer or employee of the following:

(1)(i) The Department of Education.

(ii) State-owned educational institutions.

(iii) Community Colleges.

(iv) The Pennsylvania State University, except an employee in the College of Agriculture who is paid wholly from Federal funds or an employee participating in the Federal Civil Service Retirement System. The university shall be totally responsible for all employer contributions under Section 5507 (relating to contributions by the Commonwealth and other employers).

71 Pa.C.S. § 5102.

The Code does not define "employee." Left to its own resources the Board adopted the following reasoning:

The Board does not doubt that Claimant provided valuable services to both her patients and the Medical Center. Nor does the Board deny that Claimant's status at the Medical Center exhibited certain indicia of an employer-employee relationship. However, other facts show that Claimant was not an 'employee' as contemplated by the Board. Claimant's position as a Resident VI was intrinsically transitory (one year). Within the medical establishment, a residency is considered equivalent to graduate medical school training. Claimant worked at the Medical Center under the

authority of a state-issued "graduate training license," which license was valid for the duration of her residency. The main reason Claimant accepted the residency was to enhance her professional credentials by fulfilling a requirement for obtaining certification in the subspecialty of oncology. Claimant did not expect to establish a permanent employment relationship with the Medical Center. Indeed, few individuals who complete their residencies are employed by the same hospital at which they served their residency. Most residents seek permanent employment elsewhere. Claimant did not receive the same compensation as did a regular faculty member or staff physician.

Opinion of the Board, March 24, 1994, at 12–13.

In determining that Claimant was not an employee during her residency, the Board found our Pennsylvania Supreme Court's decision in *Philadelphia Association of Interns and Residents v. Albert Einstein Medical Center*, 470 Pa. 562, 369 A.2d 711 (1976), to be persuasive. In *Einstein*, our Supreme Court found that the interns, residents and clinical fellows at Temple University Hospital are not employees for purposes of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301. The Supreme Court, however, relied on its examination of the appellants' educational status only to show that they did not comprise a group of persons who were attempting to establish a continuous relationship with the hospital. Based upon that analysis, the Court concluded that "the Spirit of Act 195 would not be served by allowing appellants to form a bargaining unit." *Einstein* 470 Pa. at 570, 369 A.2d at 715.

█ We disagree with the Board's conclusion. Initially, we note that the Board's emphasis on the transitory nature of Claimant's residency is in error. 4 Pa.Code § 243.2, specifically contemplates the situation where one is employed for a short period of time

and subsequently becomes a permanent employee. Section 243.2 states:

> In those cases where an individual is employed on a temporary basis with a predetermined date of termination which is less than one year, although that may occur more than 100 days or 750 hours after the initial date of employment, such employee shall not be eligible for membership based thereon. *Such employee shall not be prohibited from purchasing such service in the future should he become a permanent employe.* (Emphasis added).

Accordingly, if Claimant's residency can be considered "employment", then its limited nature should not preclude her from purchasing it at the time when she became a permanent employee. Further, the Board's reliance on *Einstein* is also in error for the same reason. In *Einstein*, our Supreme Court found it significant that the interns, residents and clinical fellows at Temple University Hospital did not have a continuous relationship with the hospital and thus found that they could not form a collective bargaining unit under the Act. In the present case, Claimant has established a continuous relationship, by becoming a permanent employee of the Medical Center, and now simply seeks to purchase previous service.

We find that this Court's analysis in *Kapilian v. State Employes' Retirement System*, 144 Pa.Commonwealth Ct. 80, 600 A.2d 698 (1991), *petition for allowance of appeal denied*, 530 Pa. 656, 608 A.2d 31 (1992) is more persuasive when confronted with Claimant's predicament. Kapilian, a professor at West Chester State College and a member of the State Employee's Retirement System, requested non-state credit for employment as a graduate teaching assistant at the University of Illinois. The Board found Kapilian ineligible stating that, while the services he provided were equivalent to seventy-five percent of a full work load, those services were incidental to his status as a student and he was therefore not an employee. On appeal, this Court noted that the pre-amendment version of 71 Pa.C.S. § 5304(c)(3),[1] which did not

---

1. The relevant portion of the pre-amendment version of 71 Pa.C.S. § 5304(c)(3) states:

(c) **Limitations on nonstate service.**—Creditable nonstate service credit shall be limited to:

\* \* \* \* \* \*

service in any public school or public educational institution in any state other than this

contain an express exclusion of student status work, was in effect at the time Kapilian filed his suit. Accordingly, this Court found that since the pre-amendment version did not contain an exclusion for employment related to one's status as a student, then Kapilian was entitled to purchase credit for his non-state work. Our inquiry did not end there, however. We also noted that there is no rationale or specific statutory basis for concluding that creditable nonstate service is broader in scope than creditable instate service. We concluded that Kapilian was entitled to purchase a proportionate amount of credit in relation to the percentage of time that he actually spent rendering service.

■ Like Kapilian, Dr. Simmonds clearly devoted a percentage of her time during her residency to providing services to the hospital. The record reveals that Dr. Simmonds used her previous medical training to evaluate and treat outpatients, to instruct medical students, to supervise nurses in physical diagnosis, chemotherapy and hematology, and to engage in direct patient care. The hospital billed patients for the care provided by Dr. Simmonds and whether it be characterized as a stipend or a salary, Dr. Simmonds received $16,932.00 from the hospital at least partially in consideration for her performance of those duties. Accordingly, as we did in *Kapilian*, we reverse the decision of the Board and remand for a finding of the proportional amount of time Dr. Simmonds spent providing services for the hospital through the utilization of her previous medical training and to facilitate Dr. Simmonds' purchase of that proportional time.

### ORDER

AND NOW, to wit, this 8th day of August, 1995, the order of the State Employes' Retirement Board dated March 23, 1994, is reversed. This case is remanded for a finding of the proportional amount of time that

Dr. Simmonds spent providing services through the utilization of her previous medical training. It is further ordered that Dr. Simmonds be permitted to purchase that proportional time.

Jurisdiction is relinquished.

NEWMAN, J., did not participate in the decision in this case.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I disagree with the majority's holding that a resident physician, enrolled in a graduate medical program in order to qualify for board certification in a specialized field, is a state employee of the Pennsylvania State University Medical Center for purposes of the State Employee's Retirement System, and may purchase the proportional amount of "retirement" time spent enrolled in that program.

The relevant facts are as follows: Claimant, after becoming a licensed physician, chose to enroll in a graduate medical program in order to meet a requirement for certification by the American Board of Internal Medicine in the field of medical oncology. As a participant in the one-year program (from July 1, 1980 through June 30, 1981), she was considered a Resident Physician VI by the Medical Center. She worked under a state-issued "graduate training license" which was valid only for the period of the residency, rather than under her general license to practice. Claimant did not pay tuition and received a stipend and some fringe benefits for the residency.

All parties agree that "state service," for which a member may purchase credit, is "service rendered as a state employee," and state employee is defined as "any person ... employed by the state government of the Commonwealth ... including The Pennsylvania State University." Section 5102 of the State Employees' Retirement Code, 71 Pa. C.S. § 5102. "Employee" or "employed" are

Commonwealth or in any territory or area under the jurisdiction of the United States; or service as an administrator, teacher, or instructor in the field of education for any agency or department of the government of the United States, whether or not such area was under the jurisdiction of the United States, the

total of such service not exceeding the lesser of ten years or the number of years of active membership in the system, as an officer or employee of the Department of Education or as an administrator, teacher, or instructor employed in any state owned educational institution or the Pennsylvania State University.

the operative words of the applicable statute, however no definition is set forth in the Code. Therefore, as a non-technical term, "employee" is to be construed as its common and approved usage. Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. Webster's Dictionary defines employee as "one who is employed by another," and employ as "to make use of (someone)." Webster's Ninth New Collegiate Dictionary 408 (1989).

I do not believe a person who is enrolled in a program for the purpose of meeting educational requirements and for training fits within the common usage of the term "employee." A person who is a student, whose primary goal is education, is not hired by the Medical Center in the same way that employees are hired. Instead that person comes to the Medical Center seeking enrollment in a program primarily for his or her advancement. The Medical Center, for its part, in furtherance of its teaching mission, provides a course of study through training experience and practical exercises so that Claimant can be a Board-certified internist.

Not to discount the care that Claimant provided to the outpatients she saw, those patients were provided to her by the Medical Center for her education in that field and the care she provided to the patients was a necessary outcome of the educational situation. If the Medical Center desired to employ an internist in oncology for that same period of time, a very different relationship would have been established. The primary purpose of the relationship would have been "to make use of" Claimant to further the Medical Center's purposes, not to provide her with any training. Because any medical care that she gave was but an incidental aspect of the graduate medical training, Claimant is not an "employee" of the Medical Center.[1] Accordingly, I would affirm the order of the Board.

DOYLE, J., joins in this dissent.

---

**1.** To the extent that *Kapilian v. State Employes' Retirement System,* 144 Pa.Commonwealth Ct. 80, 600 A.2d 698 (1991), *petition for allowance of* *appeal denied,* 530 Pa. 656, 608 A.2d 31 (1992), is applicable, I would reverse.