Daniel T. WORLEY, Petitioner,

v.

**PENNSYLVANIA PUBLIC SCHOOL
EMPLOYES' RETIREMENT
BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.
Decided Jan. 31, 1997.

Francis Worley, York Springs, for petitioner.

Michael J. Luparello, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Daniel T. Worley (Worley) appeals from an order of the Pennsylvania Public School Employes' Retirement Board (board) denying Worley's request to purchase credit for nonschool service pursuant to section 8304 of the Public School Employees' Retirement Code (Retirement Code).[1] We affirm.

## I. FACTS

In 1968 Worley received notice from the Selective Service System that he was subject to induction in the Armed Forces of the United States. At that time, Worley was a member of the Quaker faith; therefore, Worley sought classification as a conscientious objector. On November 19, 1968, Worley was issued a notice of classification from the Selective Service System which indicated that he was classified in Class I-O. The Class I-O classification was defined as a "Conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest." Reproduced Record (R.) at 52a.

By notice dated February 20, 1969, Worley was ordered to report for an Armed Forces Physical Examination. With respect to Class

---

1. 24 Pa.C.S. § 8304(b)(2). Section 8304 of the Retirement Code permits, subject to certain exceptions not applicable herein, an active member of the State Employees' Retirement System to receive service credit for creditable nonschool service as set forth in subsection (b). 24 Pa.C.S. § 8304. Section 8304(b)(2) provides as follows:

(b) **Limitations on nonschool service.**— Creditable nonschool service credit shall be limited to:

\* \* \*

(2) Military service other than intervening military service and activated military service not exceeding five years provided that a member with multiple service may not purchase more than a total of five years of military service in both the system and the State Employees' Retirement System.

Section 8102 of the Retirement Code defines military service as "[a]ll active military service for which a member has received a discharge other than an undesirable, bad conduct or dishonorable discharge." 24 Pa.C.S. § 8102.

Board regulations governing creditable nonschool service state, in pertinent part, that "[a]n active member may purchase other military service ... for service rendered only to the armed forces of the United States before the member commenced his most recent school employment." 22 Pa.Code § 213.4(d).

I–O registrants, the notice specified as follows:

> This examination is given for the purpose of determining whether you are qualified for military service. If you are found qualified, you will be available, in lieu of induction, to be ordered to perform civilian work contributing to the maintenance of the national health, safety or interest. If you fail to report for or to submit to this examination, you will be subject to be ordered to perform civilian work in the same manner as if you had taken the examination and had been found qualified for military service.

R. at 53a.

With respect to registrants classified in the Class I–A[2] and I–A–O[3] classifications, the notice to report for the Armed Forces Physical Examination provided as follows:

> If you fail to report for examination as directed, you may be declared delinquent and ordered to report for induction into the Armed Forces. You will also be subject to fine and imprisonment under the provisions of the Universal Military Training and Service Act, as amended.

*Id.*

Worley was provided with a list of acceptable civilian employers for whom he could perform his civilian work. Worley chose to perform his civilian work for Jefferson Medical Center in Philadelphia. Worley worked for Jefferson Medical Center from July 1, 1969 through June 30, 1971. On July 2, 1971, Worley received from the Selective Service a release from the performance of civilian work contributing to the national health, safety or interest effective June 30, 1971. The release stated that Worley was released for the following reason: "Satisfactory completion of period of appropriate civilian work in lieu of induction into the armed forces." R. at 59a.

On October 26, 1973, Worley was employed by the Northern York School District and became a member of the Public School Employes' Retirement System of Pennsylvania (PSERS). On November 3, 1994, Worley appeared before the appeals committee of the board and requested that he be permitted to purchase military retirement credit for the two years in which he performed alternate service. By letter dated November 14, 1994, the appeals committee denied Worley's request to purchase military service credit on the basis that the alternate service did not meet the definition of military service as provided in the Retirement Code.

Worley requested an administrative hearing which was held on June 29, 1995. Thereafter, the hearing examiner issued a decision and order recommending that Worley's request to purchase retirement credit for the alternate civilian work be denied. The hearing examiner determined that Worley failed to establish that the board misinterpreted or misapplied the provisions of section 8304(b) of the Retirement Code when it denied Worley's request to purchase retirement credit for the civilian work he performed from July 1, 1969 to June 30, 1971.

The hearing examiner concluded that Worley's civilian work performed in lieu of induction into the armed forces, did not constitute military service. The hearing examiner stated that Worley's testimony and the documents he introduced into evidence are replete with characterizations of his work as "alternate", "civilian" and "in lieu of induction into the armed forces." When this terminology expressly characterized Worley's work as other than military in nature, the hearing examiner opined, it was simply impossible to conclude that Worley's work constituted military service. In addition, the hearing examiner determined that Worley failed to establish that section 8304(b) of the Retirement Code and any related provisions are unconstitutional under either the United States or the Pennsylvania Constitutions.

Worley filed exceptions to the hearing examiner's decision. The board adopted the hearing examiner's findings of fact, discussion, conclusions of law and recommendation

---

**2.** Class I–A was defined by the Selective Service as "Registrant available for military service." R. at 52a.

**3.** Class I–A–O was defined by the Selective Service as "Conscientious objector registrant available for noncombatant military service only." R. at 52a.

in their entirety and adopted them as its own. Consequently, the board determined that Worley's exceptions were without merit and found that Worley's civilian service did not constitute military service as that term is defined in section 8102 of the Retirement Code; therefore, Worley's civilian service was not creditable nonschool service within the meaning of section 8304 of the Code.

■ Accordingly, the board entered an order denying Worley's request for credit for his civilian service performed at the Jefferson Medical Center. This appeal followed.[4]

## II. ISSUES

On appeal herein, Worley raises the following issues: (1) Whether the board committed fundamental error by denying Worley's application to purchase creditable nonschool service for two years alternate military duty performed by Selective Service direction at a mental institution, by misconstruing the Retirement Code which neither expressly or impliedly excludes credit for such service; and (2) Whether the board committed a deliberate unconstitutional application of the Retirement Code, thereby violating Worley's constitutional due process, equal protection and non-impairment of contract rights under the United States and Pennsylvania Constitutions, in derogation of the separation of powers doctrine.

## III. DISCUSSION

### A. ISSUE I—CONSTRUCTION OF RETIREMENT CODE

■ In support of the first issue raised on appeal herein, Worley argues that the Retirement Code nowhere expressly or impliedly precludes the purchase of alternative military service of the type performed by Worley. Worley contends that the board has not interpreted the Retirement Code liberally as required by case law and that the board erred in giving no weight to the legislative history of the Retirement Code, which is silent on the issue of whether military service is restricted to uniformed duty.

■ We disagree that the board has erred by misconstruing the plain language of the Retirement Code.[5] It is undisputed that an active member of PSERS may purchase, subject to certain exceptions not applicable herein, credit for military service as creditable nonschool service under section 8304 of the Retirement Code.[6] As previously noted in this opinion, section 8102 of the Retirement Code defines military service as "[a]ll active military service for which a member has received a discharge other than an undesirable, bad conduct, or dishonorable discharge." 24 Pa.C.S. § 8102. The regulations governing creditable nonschool service provide that an active member may purchase military service for service rendered only to the armed forces of the United States. 22 Pa.Code § 213.4(d).

The record supports the conclusion that the service which Worley is requesting to purchase as creditable nonschool service is not military service as that term is defined and utilized in the Retirement Code and accompanying regulations. Worley was not inducted into the armed forces of the United States and did not receive a discharge from active military service. To the contrary, Worley, of his own choosing, performed and satisfactorily completed civilian service in lieu of induction into the armed forces as a Class I–O registrant. *See* R. at 59a (Release from performance of civilian work). To acknowledge Worley's completion of the civilian work, Worley received a release from the

---

4. This court's scope of review is limited to determining whether the findings of fact were supported by substantial evidence, errors of law were committed or constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

5. Words and phrases used in a statute are to be construed according to the common meaning and accepted usage. *See* section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S.

§ 1903. The board is charged with the execution and application of the Retirement Code; as such, its interpretation should not be overturned unless it is clear that such construction is erroneous. *Panko v. Commonwealth, Public School Employees' Retirement System*, 89 Pa.Cmwlth. 419, 492 A.2d 805 (1985).

6. We note that this court has held that section 8304(b) of the Retirement Code is a limiting provision. *See Panko.*

executive secretary of the local selective service board which clearly states that Worley was issued the release for "[s]atisfactory completion of period of appropriate civilian work in lieu of induction into the armed forces." *Id.*

In addition, the definition of the Class I–O classification provided by the Selective Service defines a registrant of Class I–O as a "[c]onscientious objector *available for civilian work* contributing to the maintenance of the national health, safety, or interest." *See* R. at 52a (emphasis added). The record shows that, as a Class I–O registrant, Worley was permitted to choose which civilian employer he wished to work with in order to fulfill his obligation under the civilian work program. The order issued to Worley by the Selective Service to report for an Armed Forces Physical Examination notified each Class I–O registrant that failure to appear for the physical examination would result in the registrant being ordered to perform civilian work. In contrast, the order to report for an Armed Forces Physical Examination notified each Class I–A and I–A–O registrant that failure to appear would result in the registrant being ordered to report for induction in the Armed Forces and further, that the registrant would be subject to fine and imprisonment. Accordingly, the difference in the sanctions imposed for failure to appear for a registrant in the different classifications further supports the conclusion that the service performed by Worley was strictly civilian in nature and that he was never inducted into the armed forces of the United States.

Next, Worley contends that the board erred in giving no weight to the legislative history of the Retirement Code, which is silent on the issue of whether military service is restricted to uniformed duty. We disagree.

We believe that the language of the Retirement Code is clear. In order for a member of PSERS to be eligible to purchase prior military service as creditable nonschool service, such service must be active military service in the armed forces of the United States for which the member received a discharge. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921.

Since the language of the Retirement Code is clear, the fact that the legislative history of the Retirement Code is silent on the issue of whether military service is restricted to uniformed duty actually supports the board's interpretation of the Retirement Code. While it may appear to Worley that the board's interpretation of the Retirement Code is unfair to his particular situation, in light of the provisions of the Retirement Code, the remedy for such does not lie with this court but with the General Assembly. *See Frost v. Metropolitan Life Insurance Company*, 337 Pa. 537, 12 A.2d 309 (1940) (The hardship or equity of a case cannot override the plain words of a statute, and the General Assembly, not the court, must correct the evil).

**B. ISSUE II—CONSTITUTIONALITY OF SECTION 8304(B)**

Worley argues that the board committed a deliberate unconstitutional application of the Retirement Code when it denied his request resulting in a violation of Worley's due process, equal protection and non-impairment of contract rights under the United States and Pennsylvania Constitutions.

All legislation enacted by the General Assembly carries a strong presumption of constitutionality, and any party challenging the statute's constitutionality bears a heavy burden to demonstrate that the legislation clearly, palpably, and plainly violates the terms of the constitution. *Commonwealth v. Burnsworth*, 543 Pa. 18, 669 A.2d 883 (1995). It is presumed in construing a statute that the General Assembly did not intend to violate the State or Federal Constitutions. *Baumgardner Oil Co. v. Commonwealth*, 146 Pa.Cmwlth. 530, 606 A.2d 617, *petition for allowance of appeal denied*, 531 Pa. 648, 612 A.2d 986 (1992).

**1. UNITED STATES CONSTITUTION**

Worley contends that the board improperly concluded that his due process and

equal protection rights have not been violated.

This court has previously addressed the issue of whether section 8304(a) of the Retirement Code violated a petitioner's substantive due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. In *Morris v. Commonwealth, Public School Employees' Retirement System*, 114 Pa.Cmwlth. 369, 538 A.2d 1385, 1389 (1988), *petition for allowance of appeal denied*, 521 Pa. 615, 557 A.2d 345 (1989), this court, in rejecting the petitioner's arguments that section 8304(a) violated the Fourteenth Amendment of the United States Constitution, stated that:

> "Absent an infringement of a 'fundamental right' or the use of a 'suspect classification,' the rational basis test is the proper standard of review for both substantive due process and equal protection challenges to governmental action." ... [T]he rational basis test is the proper test to be applied to ... due process and equal protection claims.... The focus of the rational basis test for substantive due process is whether it was irrational for the law to have been passed at all, while the focus for equal protection is whether the law irrationally distinguishes between similarly situated classes.... To prove that a statute is irrational and, therefore unconstitutional, the challenger must show for substantive due process purposes that there is no relationship between the statute and a legitimate state interest ... and for equal protection purposes, that the different treatment of the groups is unrelated to a legitimate state interest. (Citations omitted.)

In *Morris*, the petitioner sought to purchase prior military service. However, the board found that petitioner was currently eligible to receive a retirement benefit from the federal government for the prior military service. Therefore, he was ineligible to purchase credit for said military service under section 8304(a) of the Retirement Code.[7] This court affirmed the board's decision.

With respect to the constitutionality of section 8304(a), this court pointed out that the intention of the General Assembly in enacting the restriction on eligibility for creditable nonschool service is "'to prevent individuals from receiving credit in two retirement systems for the same service.'" *Morris*, 538 A.2d at 1389, *quoting Barcus v. Commonwealth, State Employees' Retirement Board*, 76 Pa.Cmwlth. 62, 463 A.2d 490, 491 (1983). We held that "[b]ecause credit for military service in the System is a benefit which the Commonwealth need not offer, it is certainly a legitimate state interest to limit that benefit to individuals who could not otherwise receive a benefit for their military service. *Id.*, 538 A.2d at 1390. Therefore, it was not irrational for the General Assembly to have enacted the restriction and the restriction is not violative of any substantive due process right Petitioner might have." *Id.*

In addition, this court held that section 8304(a) did not violate the equal protection clause even though there may have been another means by which the General Assembly could have implemented the legitimate state purpose of preventing the receipt of double benefits for the same military service. *Id.* We pointed out that the equal protection clause is not violated merely because the classification is imperfect. *Id.* Quoting the United States Supreme Court in *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), we stated:

> If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." ... The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.... "A statutory discrimination will not be set aside if

---

7. Section 8304(a) provides that an active member of PSERS "shall be eligible to receive ... service credit for creditable nonschool service as set forth in subsection (b) provided that he is not entitled to receive, eligible to receive now or in the future, or is receiving retirement benefits for such service under a retirement system administered and wholly or partially paid for by any other governmental agency or by an private employer...." 24 Pa.C.S. § 8304(a).

any state of facts reasonably may be conceived to justify it." (Citations omitted.) *Id.*

In the present case, Worley does not even attempt to show, for substantive due process purposes, that there is no relationship between the Retirement Code and a legitimate state interest and, for equal protection purposes, that the different treatment of the groups is unrelated to a legitimate state interest. Worley merely sets forth in the argument portion of his brief in short paragraph form, alleged errors of law committed by the board without elaboration. Notwithstanding this, we believe that this court's decision in *Morris* defeats any claim by Worley that section 8304(b) is violative of the Fourteenth Amendment of the United States Constitution.

Section 8304(b) is a limiting provision which sets forth the types of creditable non-school service credit for which an active member of PSERS shall be eligible to receive service credit pursuant to section 8304(a). *Panko.* As stated in *Morris*, credit for military service in PSERS is a benefit which the Commonwealth need not offer. Therefore, the General Assembly's restriction of that benefit to active military service is clearly not irrational. As stated, Worley fails to argue how the statutory scheme permitting the purchase of military service is irrational. Accordingly, the restriction is not violative of any substantive due process right Worley claims he may have.

We also reject Worley's contention that section 8304(b) violates his equal protection rights. Worley appears to argue that the two classes of individuals being treated differently by section 8304(b) are those who provide uniformed military service and those who provide alternative military service. As pointed out by the board, the flaw in Worley's contention is that he is not a member of the class which he claims is being discriminated against because he has not provided military service. As the record herein reveals, Worley did not perform military service within the meaning of the Retirement Code but rather performed civilian work as an alternate to military service. This choice not to be inducted into the armed forces and

perform active military service was made by Worley based on his religious beliefs. Therefore, Worley is a member of the class of people who have not served in the armed forces of the United States. Because Worley has not served in the military for which he received a discharge, he is not eligible to receive service credit for military service as provided for in section 8304(b) of the Retirement Code.

While Worley's performance of civilian work in lieu of induction into the armed forces may deserve special consideration, the exclusion of that class from section 8304(b) of the Retirement Code does not result in a constitutional violation. If a classification has some reasonable basis, it does not offend the Constitution simply because in practice it results in some inequality. *Morris.* As correctly stated by the board, that the General Assembly elected to reward members who have had military service by permitting them to purchase additional retirement credit clearly is not irrational. Presumably, the General Assembly has determined that those members have sacrificed their time and served their country in a particular fashion which warrants special consideration. Therefore, we decline to set aside any statutory discrimination that may arise from the General Assembly's choice not to include those individuals who choose to perform civilian work in lieu of induction into the armed forces because it appears to result in some inequality.

Accordingly, we reject Worley's contentions that section 8304(b) of the Retirement Code violates the Fourteenth Amendment of the United States Constitution.

## 2. PENNSYLVANIA CONSTITUTION

Next, Worley contends, again without elaboration, that the board's denial of his request to purchase alternative military service violates the Pennsylvania Constitution, specifically: Art. I, § 3; Art. I, § 26; Art. III, § 16; and Art. I, § 17. We will address the alleged violation of each article separately.

### a. ARTICLE I, SECTION 3

■ Art. I, § 3 of the Pennsylvania Constitution provides that:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.

Worley contends that the board erred in finding no violation of Art. I, § 3 because the board's decision deliberately discriminates against a class of citizens who lawfully pursue a religious scruple against war. We disagree.

As correctly pointed out by the board, section 8304 of the Retirement Code neither explicitly or implicitly prohibits Worley in any manner from worshiping as he chooses or from enjoying freedom of conscience. As the record shows herein, Worley exercised his constitutional right to follow his conscience and his religion and refuse military service. To now argue that it is an infringement on such constitutional rights to deny him service credit which accrues only for military service is nonsensical. Accordingly, we decline to find a violation of Worley's rights pursuant to Art. I, § 3 of the Pennsylvania Constitution.

### b. ARTICLE I, SECTION 26

Art. I, § 26 of the Pennsylvania Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." The board determined that Worley's allegation of a violation of this constitutional provision lacked specificity and that Worley did not identify which civil right he believed was infringed upon by the denial of his request to purchase military service. In short, the board determined that Worley failed to substantiate this claim.

Herein, Worley merely states in his brief, without further discussion, that civil rights are properly defined to prohibit any deprivation of due process, equal protection and freedom from interference with economic rights. We have already held that Worley's due process and equal protection rights have not been violated under the United States Constitution. Therefore, without an argument by Worley as to how these rights have been violated under the Pennsylvania Constitution, we reject his claim that the board violated his rights under Art. I, § 26 of the Pennsylvania Constitution based on our previous discussion with respect to the Fourteenth Amendment of the United States Constitution.

### c. ARTICLE III, SECTION 16

Art. III, § 16 of the Pennsylvania Constitution provides that the General Assembly "may exempt from State military service persons having conscientious scruples against bearing arms."

Worley contends that the board has mistakenly concluded that its decision did not violate the policy inherent in Art. III, § 16 as to protection for citizens having scruples against bearing arms. The board determined that nothing in the record suggests how the policy inherent in Art. III, § 16 could have been violated.

We agree with the board's reasoning that Worley was afforded the opportunity to be exempted from military service and he availed himself of that opportunity. The board correctly stated that the Commonwealth's subsequent offer of the opportunity to purchase retirement credit for military service in no way undermines this policy. Accordingly, we decline to hold that Worley's rights under Art. III, § 16 of the Pennsylvania Constitution have been violated by the board's order and decision.

### d. ARTICLE I, SECTION 17

Finally, Worley argues that once he became a member of PSERS, he entered into a contract which may not be impaired and that the board erred by omitting from its order reference to its impairment of contract violation against Worley under Art. I, § 17 of

the Pennsylvania Constitution.[8] We disagree.

We believe that the board properly found, based on the record herein, that Worley has failed to establish the existence of any contractual right to purchase retirement credit for military service. Moreover, Worley offers no support herein for his contentions. Worley does not provide any statutory authority which mandates that the board provide him with retirement credit for civilian work as a conscientious objector. Accordingly, we decline to hold that the board's order denying Worley's request to purchase service credit violates Art. I, § 17 of the Pennsylvania Constitution.

The board's order is affirmed.

### ORDER

NOW, this 31st day of January, 1997, the order of the Public School Employes' Retirement Board, dated June 21, 1996, at No. 1994–19, is affirmed.

---

**8.** Art. I, § 17 of the Pennsylvania Constitution provides that no law shall be passed impairing the obligation of contracts.