Robert T. **DONOVAN, Petitioner,**

v.

**The STATE EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.
Decided Oct. 10, 1997.

Zane E. Finkelstein, Carlisle, for Petitioner.

David E. Schreiber, Harrisburg, for Respondent.

Before KELLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Robert T. Donovan (Donovan) petitions for review of an order of the State Employes' Retirement Board (Board) that denied Donovan's request to purchase State Employes' Retirement System (SERS) credit for non-state service for the period of time that Donovan was a cadet at the United States Military Academy.[1] We affirm.

From July 6, 1954 to June 4, 1958, Donovan attended the United States Military Academy at West Point as a cadet. Donovan graduated from the Academy, earning a Bachelor of Science degree, and was commissioned as a second lieutenant in the United States Army on June 4, 1958. He was separated from active duty with the military on January 31, 1985, and became a member of SERS on August 21, 1986, when he was employed with the executive offices of the Commonwealth.

Donovan requested information from SERS regarding purchase of military service in August of 1994. He was initially informed what types of military service could be purchased, including the fact that members could not purchase retirement credit for military service for which they were eligible for a federal pension. Donovan informed SERS that he wished to purchase credit for the four year period he attended the Academy. Because SERS requires proof of discharge from active duty in the military,[2] Donovan submitted a DD214 form, which is entitled Certificate of Release or Discharge from Active Duty. Donovan's DD214 form shows that his separation date from the military occurred on January 31, 1985, and lists his date of entry into active duty as June 4, 1958. Donovan's DD214 form also lists zero time as it relates to total prior active service, meaning the time he spent attending the Academy.

SERS requested documentation of Donovan's discharge from the Academy, which was not forthcoming because no discharge from the Academy exists. As a result, SERS denied Donovan's request to purchase retirement credit. Donovan appealed and his case was reviewed by the appeals committee of the Board, which also denied his request. Donovan then requested an administrative hearing. After a hearing was held and briefs were filed, the hearing examiner denied the credit sought by Donovan. Donovan filed exceptions; however, after review the Board issued its order denying the request to purchase the retirement credit.

In its opinion the Board set forth the applicable sections of the State Employees' Retirement Code (Code), 71 Pa.C.S. §§ 5101—5956, including Section 5304 of the Code, 71 Pa.C.S. § 5304(c)(2), which states that creditable non-state service credit is limited to military service other than interven-

---

1. This case was initiated by the filing of a petition for review in the nature of a complaint for declaratory judgment and invoked both our original and appellate jurisdictions. However, by order dated January 23, 1997, the court determined that the petition would be regarded and acted upon as a petition for review addressed to our appellate jurisdiction.

2. Documentation of military service is required by SERS to ascertain the actual dates of active service and to calculate the cost to SERS of the purchase for the service. Documentation must also show that the member's separation from the military was honorable.

ing military service not exceeding five years. The Board also cited the definition in the Code for military service as "[a]ll active military service for which a member has received a discharge other than an undesirable, bad conduct, or dishonorable discharge." Section 5102 of the Code, 71 Pa.C.S. § 5102. The Board also cited 4 Pa.Code § 243.6(c), entitled Creditable Non–State Service, which provides that military service shall be limited to active military service rendered only to the armed forces of the United States.

The Board then discussed its reliance on *Horner v. Jeffrey*, 823 F.2d 1521 (Fed.Cir. 1987), a case that interpreted federal military law and determined that under 10 U.S.C. § 971 time served as a cadet cannot be used for purposes of determining length of service in the military when seeking entitlement to credit under federal civil service retirement. The *Horner* case held that such service specifically does not qualify for service credit for any purpose. The Board also relied on the DD214 form. It reasoned that according to the DD214 form the Army did not consider the time spent as a cadet to be active service and the Board would not do so either.

 Donovan now appeals to this Court,[3] arguing that the Board erred in concluding that service as a cadet at the United States Military Academy is not active military service in accordance with the Code. Donovan cites various sections of a number of federal statutes in an attempt to show that cadets at the Academy are part of the regular Army and that service as a cadet is actual service in the Army. Donovan also cites cases from other jurisdictions most of which deal with benefits offered by states to those who served in the Army during World War II. These cases hold that cadet service during war time made these individuals eligible for benefits based on length of service including cadet service.

Donovan also attempts to distinguish *Horner*, the case relied upon by the Board. Donovan argues that *Horner* reversed over forty years of practice, taking issue with the

majority opinion and contending that the opinion by a concurring judge is the proper interpretation. We do recognize that subsequent to the *Horner* decision, statutory changes were enacted that permit cadet time to be included for purposes of credit under federal civil service retirement.

The Board in response contends that, since active military service is not specifically defined in the Code, it is necessary to turn to federal law solely to determine the definition of active military service. The Board relies on 10 U.S.C. § 971, which sets out the method for computing length of service "for any purpose." The Board also cites 10 U.S.C. § 533, entitled Service Credit Upon Original Appointment as a Commissioned Officer, which provides that service credit for service performed does not include service performed before graduation from the Academy.

In addition to *Horner*, the Board also relies on *Worley v. Pennsylvania Public School Employes' Retirement Board*, 689 A.2d 334 (Pa.Cmwlth.1997), wherein the Court held that the Public School Employees' Retirement Board properly denied the request by the petitioner in that case to purchase non-state service for time which was not specifically enumerated as active military service. In *Worley* the petitioner was classified as a conscientious objector and worked at Jefferson Medical Center in lieu of military service. Worley's release stated that he had satisfactorily completed a period of appropriate civilian work in lieu of induction into the armed forces, concluding that the time served at the medical center, although in lieu of military service, was not active military service, serving as a basis for the purchase of non-state credit.

The Board also explains its reliance on the DD214 form which, as the official record generated by the armed forces, shows that Donovan's Academy time is not included as active military service time. Although Donovan contends that the DD214 form is incomplete, he provides nothing to support this allegation.

---

**3.** Our scope of review is limited to a determination of whether the Board committed an error of law, whether there has been a violation of constitutional rights, or whether necessary factual findings are supported by substantial evidence. *Simmonds v. State Employees' Retirement System*, 548 Pa. 219, 696 A.2d 801 (1997).

The recent Supreme Court decision in *Simmonds* held that a medical resident was not an employee of a state university medical center for purposes of receiving service credit under the Code. Although the opinion centered on the issue of whether the appellant was a state employee during her residency so that she could purchase credit for previous state service, the reasoning applied by the court is helpful to our decision here.

The *Simmonds* decision and its reliance on *Philadelphia Association of Interns and Residents v. Albert Einstein Medical Center*, 470 Pa. 562, 369 A.2d 711 (1976), sends a clear message that a court must examine the purpose of the program in which the resident, or as here the cadet, is enrolled. In *Simmonds* and *Einstein*, the residents did not go to work in the true bargained for exchange that would evidence an employment relationship; they were primarily seeking to fulfill educational requirements. We believe that Donovan's four years at the Academy also served an educational purpose so that he could take his place as a member of the active military service in a position as a commissioned officer. Without his bachelor's degree from the Academy, Donovan's commissioned officer status upon entry into active military service would not have been assured.

Consequently, we hold that the Board's reliance on the DD214 form and the reasoning found in Pennsylvania case law cited herein dictates that the Board's decision was correct.

Accordingly, we affirm.

### ORDER

NOW, October 10, 1997, the order of the State Employees' Retirement Board, at No. 1995–17, dated October 4, 1996, is affirmed.